IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02984-BNB

ROY ALBERT KAHN,

    Plaintiff,

v.

CHARLES DANIELS, Warden,
COUNSELOR ANDERT, USP Florence,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Roy Albert Kahn, has filed *pro se* a Complaint (Doc. #6) seeking mandamus relief. The Court must construe the Complaint liberally because Mr. Harris is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

    Mr. Kahn has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B), the Court must dismiss the complaint at any time if the claims asserted are legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in

which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Complaint will be dismissed as legally frivolous.

Mr. Kahn alleges that the named Defendants have violated his constitutional rights because he has been "limited to one (1) grievance form at a time." Memorandum (Doc. # 2) at 1. He asserts that this policy of limiting him to one grievance form at a time has violated his First Amendment right "to redress and access to the courts." Complaint at 3. As relief in this mandamus action, Mr. Kahn seeks an order compelling Defendants "to perform their constitutional duty as stated herein." *Id.* at 8.

Mr. Kahn specifically seeks mandamus relief pursuant to 28 U.S.C. § 1361, the federal mandamus statute. The federal mandamus statute provides that a federal district court "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To grant mandamus relief, the Court must find that Mr. Kahn has a clear right to the relief sought, that Defendants have a plainly defined and peremptory duty to perform the action in question, and that no other adequate remedy is available. *See Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

Mr. Kahn complains that he has been limited to one grievance form at a time. However, inmates like Mr. Kahn do not have an independent constitutional right to administrative grievance procedures. *See Boyd v. Werholtz*, No. 10-3284, 2011 WL 4537783, at *1 (10th Cir. Oct. 3, 2011) (unpublished opinion). "Nor does the state's voluntary provision of an administrative grievance process create a liberty interest in

that process." *Id.* (citing *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (observing that inmates have no constitutionally-protected liberty interest in access to prison grievance procedure); *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (finding that "[a] prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest . . . ." (quotation and brackets omitted)); *Cotner v. Oklahoma*, 2009 WL 4776274, at *12 (W.D. Okla. Dec. 11, 2009) (finding "Defendants' imposition of grievance restriction filed by Plaintiff does not state a claim upon which relief may be granted . . . Since there is no constitutional right to a grievance procedure, it follows that a restriction on the number of grievances a prisoner can file does not give rise to a cognizable constitutional rights claim."). Instead, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievances." *Boyd*, 2007 WL 4537783 at *1 (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

To state a claim for violation of the constitutional right to access the courts, an inmate "must demonstrate actual injury . . . –that is, that the prisoner was frustrated or impeded in his efforts to pursue a non-frivolous legal claim concerning his conviction or his conditions of confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996)). Mr. Kahn does not allege that the Defendants' action actually hindered his ability to pursue a non-frivolous legal claim.

Therefore, Mr. Kahn's alleged restriction to one grievance form at a time does not state

a right of access claim.

In the instant action, Mr. Kahn has not presented the Court with an extraordinary situation mandating mandamus relief.  He fails to allege facts demonstrating a clear right to the relief sought.  He fails to make factual allegations indicating that Defendants owe him a clear nondiscretionary duty.  He fails to demonstrate that no other adequate remedy is available to him.  Accordingly, this action for mandamus relief will be dismissed as legally frivolous.  *See, e.g., Kailey v. Zavaras*, 2011 WL 5593671, at *10 (D. Colo. Nov. 17, 2011) (finding that prisoner's claim that he was restricted from filing grievances was legally frivolous).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Kahn files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  8th  day of   February  , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court